UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE ROBERT WHALEY,

    Petitioner.
_____/

CASE NO.: 8:10-mc-67-T-23TGW

**ORDER**

Robert Whaley pro se files correspondence (Doc. 1) stating that Whaley "wish[es] to file a complaint and ask for a review in the United States District Court of the MAC's ruling in this case," which ruling apparently reviews a decision not to provide coverage for Whaley's "Librax" prescription.[1] Whaley provides no case number, opinion, or other document but states that he is "appealing" the ruling of Administrative Law Judge William S. Steele.

Although Whaley proceeds pro se, Whaley nonetheless must "conform to procedural rules." See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). Whaley fails to adhere to several requirements for filing a complaint. Local Rule 3.01(f) prohibits requests for relief that are addressed or presented to the court in the form of a letter or narrative. Rule 8, Federal Rules of Civil Procedure, states that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction

---

[1] Federal regulations governing judicial review of decisions under the "Voluntary Medicare Prescription Drug Benefit" permit review of a "MAC" decision "[t]o the extent authorized by sections 1876(c)(5)(B) and 1860D-4(h) if the Act and consistent with § 423.1976" and "if the amount in controversy meets the threshold requirement estimated annually by the Secretary." 42 C.F.R. § 423.2136(a). In addition to complying with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida, Whaley's complaint must comply with the procedures described in 42 C.F.R. § 423.2136.

depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Rule 10, Federal Rules of Civil Procedure, requires "numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." Whaley must also pay a filing fee.

Accordingly, this miscellaneous action is **DISMISSED**. Whaley may file a complaint in accord with 42 C.F.R. § 423.2136, the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida. Upon Whaley's filing a complaint (rather than additional correspondence), the Clerk will open a new case. The Clerk is directed to (1) return Whaley's correspondence to him with a copy of this order, (2) terminate any pending motion, and (3) close this miscellaneous case.

ORDERED in Tampa, Florida, on June 25, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE